IN UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JANET DELISE BRIDGES                                       PLAINTIFF

vs.                              Civil No. 4:16-cv-04092

NANCY A. BERRYHILL                                  DEFENDANT
Acting Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Janet Delise Bridges ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for a period of disability and Disability Insurance Benefits ("DIB") under Title II of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 8. Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.**     **Background:**

Plaintiff protectively filed her disability application on December 27, 2012. (Tr. 18, 137-140). In this application, Plaintiff alleges being disabled due to diabetes, legal blindness in her right eye, and problems with her left eye. (Tr. 178). Plaintiff alleges an onset date of December 27, 2012 but later amended that onset date to October 7, 2013. (Tr. 18). This application was denied initially and again upon reconsideration. (Tr. 63-77).

Thereafter, Plaintiff requested an administrative hearing, and that hearing request was granted. (Tr. 37-62, 90-91). Plaintiff's administrative hearing was held on January 22, 2015 in

1

Texarkana, Arkansas. (Tr. 37-62). At this hearing, Plaintiff was present and was represented by counsel, Daniel Webb. *Id.* Plaintiff and Vocational Expert ("VE") Mr. Thomas[1] testified at the hearing. *Id.*

On August 4, 2015, the ALJ entered an unfavorable decision denying Plaintiff's DIB application. (Tr. 15-26). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2017. (Tr. 20, Finding 10). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since October 7, 2013, her amended alleged onset date. (Tr. 20, Finding 2). The ALJ found Plaintiff had the following severe impairments: brittle diabetes and proliferative diabetic eye disease. (Tr. 20, Finding 3). Despite being severe, the ALJ determined those impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 21, Finding 4).

In this decision, the ALJ also evaluated Plaintiff's age and education level. Specifically, the ALJ found Plaintiff was forty-eight (48) years old on her amended alleged onset date. (Tr. 24, Finding 7). At this age, she was characterized as a "younger individual" pursuant to 20 C.F.R. § 404.1563(c). *Id.* The ALJ also determined Plaintiff reached fifty (50) years old before the date of the ALJ's decision. *Id.* Such a person is characterized as a "person closely approaching advanced age" under 20 C.F.R. § 404.1563(d). *Id.* As for her education, the ALJ determined Plaintiff had a high school education, completed several years in college, and was able to communicate in English. (Tr. 24, Finding 8).

---

[1] The first name of "Mr. Thomas" is not included in the transcript. (Tr. 37).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 21-24, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except that she cannot climb ropes, ladders, or scaffolds; she must avoid hazards such as unprotected heights and dangerous moving machinery; and she cannot drive motorized vehicles as part of the job. She has monocular vision with no vision in the right eye, cannot work in a position that requires depth perception, is required to wear safety glasses to protect the left eye, and can have only occasional work with computers or other bright screens.

*Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 24, Finding 6). Considering her limitations, the ALJ determined Plaintiff did not retained the capacity to perform her PRW as a library assistant or as an office manager. (Tr. 24, Finding 6). The ALJ, however, also evaluated whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 25, Finding 10). Specifically, the ALJ determined Plaintiff retained the capacity to perform light, unskilled jobs such as laundry worker with 306,000 such jobs in the national economy and hand packager with 57,000 such jobs in the national economy. *Id.* Because Plaintiff retained the capacity to perform this other work, the ALJ determined Plaintiff had not been under a disability, as defined in the Act, from December 27, 2012 through the date of her decision or through August 4, 2015. (Tr. 25, Finding 11).

Thereafter, Plaintiff requested the Appeals Council's review of the ALJ's decision. (Tr. 12). On July 29, 2016, the Appeals Council denied this request for review. (Tr. 1-3). On September 27,

2016, Plaintiff filed the present appeal. ECF No. 1. Both Parties have filed appeal briefs. ECF Nos. 14-15. This case is now ready for decision.

**2.** **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that

4

his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.    Discussion:**

In her appeal brief, Plaintiff raises one argument for reversal: the ALJ erred in finding she retained the capacity to perform light work. ECF No. 14 at 6-9. Specifically, Plaintiff claims she has a severe vision impairment in both eyes; and as a result of this impairment, she is restricted in her ability to lift and carry. *Id.* Plaintiff claims heavy lifting and carrying causes pressure in her eyes which further exacerbates her eye impairment. *Id.*

In support of her claim, Plaintiff offers the findings of Dr. John Alpar, M.D., her treating ophthalmologist. (Tr. 24). Indeed, Dr. Alpar found Plaintiff was limited to being able to lift and

5

carry only ten pounds because of her visual impairment. (Tr. 24, 359). Such a lifting restriction would preclude her from performing light work as the ALJ found she could. *See* 20 C.F.R. § 404.1567(b) (2017). In her decision, the ALJ entirely disregarded Dr. Alpar's finding on this issue, stating there was no "reasonable support for this [lifting and carrying] limitation in the record." (Tr. 24).

Despite this finding, Dr. Alpar is Plaintiff's treating physician, and the ALJ may disregard one or all of his findings but may only do so based upon "good reasons." *See Chesser v. Berryhill,* 858 F.3d 1161, 1164 (8th Cir. 2017). In the present action, the ALJ summarily discounted this finding regarding Plaintiff's ability to lift and carry without a sufficient basis. Indeed, it was based merely upon the ALJ's cursory finding that there was no "reasonable support" for this limitation.

Thus, because the ALJ rejected this finding of a treating physician without a sufficient basis, the Court cannot find the ALJ's RFC determination–that Plaintiff retains the capacity to perform light work–is supported by substantial evidence in the record.

**4.    Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 23rd day of January 2018.**

/s/   Barry A. Bryant  
HON. BARRY A. BRYANT  
U.S. MAGISTRATE JUDGE